**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

WARREN JAMAL TURNER, a/k/a
Bridges,

　　　　　　　*Defendant-Appellant.*

No. 02-4215

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., District Judge.
(CR-00-7)

Submitted: August 14, 2002

Decided: October 7, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Jonathan D. Fittro, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Warren Jamal Turner was convicted by a jury of conspiracy to distribute fifty grams or more of cocaine base, 21 U.S.C. § 846 (2000); distribution of cocaine base, 21 U.S.C. § 841 (2000); aiding and abetting the forcible assault of a police officer, 18 U.S.C. § 111 (2000); and aiding and abetting the unlawful use, carrying or brandishing of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (2000). Turner was sentenced to 324 months imprisonment. On appeal, Turner maintains there was insufficient evidence to support his conviction for conspiracy and the district court erred in its instructions on conspiracy. We affirm.

This court must affirm the conviction if there is substantial evidence, when viewed in the light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, we view the evidence in the light most favorable to the government; we inquire whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review witness credibility, and we assume the fact finder resolved all contradictions in the evidence in the government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). If the evidence supports different reasonable interpretations of the evidence, the jury decides which to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). We have reviewed the record and we find sufficient evidence to support Turner's conviction for conspiracy to distribute cocaine base.

Turning to Turner's claim of erroneous jury instructions, we review a claim that a jury instruction inaccurately stated the law de novo. *United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997). Jury instructions are not evaluated in isolated segments, but are considered as a whole. *See United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997); *see also Estelle v. McGuire*, 502 U.S. 62, 72 (1991). We find the district court's instruction based on our decision in *Cropp* was not a mis-

statement of the law, and considering the instructions as a whole, the *Cropp* instruction was not prejudicial.

Accordingly, we affirm Turner's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*